IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES JOSEPH MASARIK,       )
                              )
          Plaintiff,          )
                              )
      -vs-                    )        Civil Action No. 18-51
                              )
NANCY A. BERRYHILL,           )
ACTING COMMISSIONER OF SOCIAL )
SECURITY,                     )
                              )
          Defendant.          )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Charles Joseph Masarik ("Masarik") seeks judicial review of the Social Security Administration's denial of his claims for a period of disability and for disability insurance benefits ("DIB").[1] Masarik filed a claim on December 18, 2014 alleging a disability onset date of October 31, 2014. (R. 16) The ALJ found Masarik to be disabled as of June 19, 2016, the day before his 50th birthday. (R. 32) Masarik urges that the ALJ's finding that he was not disabled between October 31, 2014 and June 19, 2016 is not supported by substantial evidence of record. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 8 and 13. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

---

[1] The ALJ determined that Masarik met the insured status requirements of the Social Security Act through December 31, 2018. (R. 18)

1.  Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner

when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. <u>The ALJ's Decision</u>

As stated above, the ALJ denied Masarik's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Masarik had not engaged in substantial gainful activity since the application date. (R. 18) At step two, the ALJ concluded that Masarik suffers from the following severe impairments: lumbar radiculopathy; degenerative disc disease; obstructive sleep apnea; recurrent arrhythmia; sinus tachycardia; bilateral hearing loss and tinnitus; irritable bowel syndrome; neuropathy; onychomycosis; hallux rigidus deformity; arthralgias of the ankle; obesity; chronic pain syndrome; anxiety; personality disorder; and major depressive disorder. (R. 18019) At step three, the ALJ concluded that Masarik does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19-23) Between steps three and four, the ALJ found that Masarik has the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 23-29) At step

four, the ALJ found that Masarik is unable to perform his past relevant work, as it was of a medium exertional level. (R. 29) Ultimately, at the fifth step of the analysis, the ALJ concluded that Masarik was not disabled within the meaning of the Act from the alleged onset date through June 18, 2016, but he was as of June 19, 2016, the day before he turned 50 years old. (R. 29-32)

III. <u>Discussion</u>

Masarik takes issue with the ALJ's denial of benefits for the closed period between October 31, 2014 and June 19, 2016. According to Masarik, the ALJ's decision is erroneous because the hypotheticals do not accurately reflect his limitations and because the ALJ failed to give appropriate weight to the disability rating the Department of Veteran's Affairs ("VA") assigned to him. I reject both contentions.

(a) Hypotheticals

Turning first to Masarik's contentions regarding the hypothetical questions, it is well-settled that the law only requires the ALJ to include in hypotheticals posed to vocational experts those limitations which are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) and *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). After careful consideration, I am satisfied that the ALJ's hypothetical questions accurately reflected all of Masarik's functional limitations.

For instance, though Masarik insists that the ALJ should have included the use of a cane as a limitation in the hypotheticals, I find the ALJ's rejection of the same is supported by substantial evidence of record. "To establish that a hand-held device is medically required there must be medical evidence establishing both the need for the device and the circumstances in which the device is required." *Soto v. Comm'r. of Soc.*

*Sec.*, Civ. No. 17-89, 2018 WL 355138, at * 5 (D.N.J. Jan. 10, 2018) (citations omitted).
As the ALJ noted, here, "the claimant's use of cane for ambulation was not medically
prescribed." (R. 28) Indeed, the medical record to which the ALJ referred indicates that
Masarik himself requested "a cane [be] ordered thru [sic] VA to use for increased
stability." (R. 508) The ALJ also referenced Dr. Malik's observation that, "claimant used
a cane to ambulate but that it was not medically necessary…." (R. 26-27) (*citing*, R.
922, Dr. Malik noting, "[h]e uses a cane for balance and going up stairs, but it is not
medically necessary for ambulation or weight bearing."). This constitutes substantial
evidence supporting the ALJ's decision not to include the cane as a limitation.

Contrary to Masarik's urgings, the ALJ's decision to give "great weight" to
Certified Registered Nurse Practitioner Ellen Veschio's opinion did not compel her to
include in the hypotheticals the limitation of a cane or accommodations for frequent
changes of position for opiate pain medications. As the Government notes, "no rule or
regulation compels an ALJ to incorporate into an RFC every finding made by a medical
source simply because the ALJ gives the source's opinion as a whole 'significant
weight.'" *Wilkinson v. Comm'r. of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014)
Here, the ALJ took pains to note that Veschio "is not a medical professional familiar with
the disability program or its evidentiary requirements." (R. 28) Indeed, Veschio is not an
"acceptable medical source" under the applicable regulations. See SSR 06-3p.[2]  Rather,
nurse practitioners are considered "other sources." *Id.* "Information from 'other sources'
cannot establish impairment, but can provide insight into the severity of the impairment

---

[2] SSR 06-3p has been rescinded but the rescission is effective only "for claims filed on or after March 27, 2017.
Federal Register Notice, Vol. 82, No. 57, p. 15263. Because Masarik's claim was filed before this date, reference to
SSR 06-3p is appropriate.

and how it affects the individual's ability to function." *Bailey v. Berryhill*, Civ. No. 16-1759, 2018 WL 658868, at * 3 (W.D. Pa. Feb. 1, 2018) (citing, SSR 06-3p) It is clear from the record that the ALJ gave Veschio's opinion appropriate consideration.

Similarly, I am not persuaded by Masarik's contention that he would have missed two or more days a month because of medical appointments and that such a limitation should have been included in the hypotheticals. There is no opinion evidence indicating that Masarik's conditions necessitated him missing work at least two times a month. Rather, Masarik asks this Court to infer, based upon the number of appointment dates in his medical records, that missed days were a requirement. I am unwilling to make such an inference. Scheduling issues are not relevant to an analysis of whether a claimant is disabled. Further, to the extent that Masarik required time off to recover from ankle surgery or lumbar fusion surgery, there is no indication that time spent in recuperation could be expected to result in death or lasted or could be expected to last for a continuous period of not less than 12 months.

(b) VA's Decision on Disability

Masarik also contends that the ALJ failed to give appropriate weight to the VA's finding of disability. A decision rendered by the VA *is* relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler*, 776 F.2d 1130, 11135 (3d Cir. 1985). Of course, it is also well-established that a decision by another governmental agency that an individual is disabled is *not* binding on the ALJ. *See*, 20 C.F.R. §§ 404.1504, 416.904; *see also, Pratts v. Comm'r. of Soc. Sec.*, Civ. No. 13-2372, 2015 WL 5139148 at * 14 (D. N.J. Sept. 1, 2015); *Alston v. Astrue*, Civ. No.

10-839, 2011 WL 4737605, at * 5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart*, 448 F. Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. § 404.1521(b)(1)(v). Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss*, 269 F.3d at 522 (stating that the ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating.).

Here, I find that the ALJ appropriately gave the VA disability rating less weight after careful consideration and set forth specific and valid reasons for doing so. The ALJ acknowledged the existence of medical records from the Department of Veteran's Affairs. (R. 24) Yet, as the ALJ observed, "these records originate prior to the alleged onset date" and thus "provide only limited information regarding the claimant's work related functioning during the relevant period." (R. 24) This is a legitimate reason for discounting the weight to be accorded these records. *See Giese v. Comm'r of Soc. Sec.*, 251 Fed. Appx. 799, 804 (3d Cir. 2007) (stating that and ALJ is not obligated "to find evidence prior to the onset date to be relevant or probative"); *Clayton v. Colvin*, Civ. No. 14-400, 2014 WL 5439796, at * 7 (W.D. Pa. Oct. 24, 2014) (stating that GAF scores assessed prior to the relevant time prior "are of limited relevance"), *citing, Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Bonds v. Astrue*, 2012

WL 4026561, at * 5 n. 4 (E.D. Va. Aug. 22, 2012) (finding that the ALJ did not err in ignoring evaluations that occurred prior to the alleged onset date); and *Ingham v. Astrue*, 2010 WL 1875651, at * 3 (C.D. Cal. May 10, 2010) ("[M]edical opinions of any physician, treating or examining, which predate the alleged onset of disability are not considered substantial evidence."). Indeed, as set forth above, substantial evidence supports the ALJ's finding that Masarik was not disabled prior to the day before he turned 50. Additionally, as the ALJ pointed out, the "evaluations do not follow the regulations set out in the disability program and were not performed by medical professionals otherwise familiar with the disability program." (R. 24) Further, it is clear that the ALJ considered evidence not used by the VA in formulating her conclusion regarding disability. (R. 24-29).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES JOSEPH MASARIK )
      Plaintiff, )
       )
  -vs- )      Civil Action No. 18-51
       )
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
       )
      Defendant. )

AMBROSE, Senior District Judge.

# **ORDER OF COURT**

Therefore, this 8th day of March, 2019, it is hereby ORDERED that the

Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED and the

Plaintiff's Motion for Summary Judgment (Docket No. 8) is DENIED. The decision of the

ALJ is hereby Affirmed.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge